NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In the Matter of an *ex parte* Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782, by<br><br>The United States of America,<br><br>　　Petitioner,<br><br>In support of The District Court in Rzeszow, Poland in the civil matter of <u>Wladyslawa Jastrzebskiego v. Zofia Jastrzebskiej</u>, Foreign Reference No. XI Ns 105/18 | Civil Action No. 20-8444 (BRM) (JAD)<br><br><br>**OPINION AND ORDER ON *EX PARTE* PETITION FOR RELIEF PURSUANT TO 28 U.S.C. § 1782** |

**JOSEPH A. DICKSON, U.S.M.J.**

　　This matter comes before the Court via an ex parte petition by the United States for an Order, pursuant to 28 U.S.C. § 1782, authorizing the appointment of Katerina Ossenova as Commissioner to execute a Letter of Request from the District Court in Rzeszow, Poland by serving a subpoena upon New Jersey corporate resident Polish & Slavic Federal Credit Union, to collect "information regarding whether [] Zofia Jastrzebskiej had funds in an account at the Polish & Slavic Federal Credit Union, and if so, the balance of the account as of March 2, 2017." (Petitioner's Br. at 1, (ECF No. 1-5)). For the reasons set forth below, Petitioner's application is **GRANTED**.[1]

---

[1] Given the *ex parte* nature of Petitioner's application, the Court makes no explicit ruling with respect to whether Petitioner's request is reasonable in scope. The Court notes, however, that *ex parte* applications are frequently granted under 28 U.S.C. § 1782 "where the application is for the issuance of subpoenas and the substantial rights of the subpoenaed person are not implicated by the application." <u>In re Application of Mesa Power Group, LLC</u>, No. 11-MC-280 (ES), 2012 WL 6060941 at *4 (D.N.J. Nov. 20, 2012). Moreover, once Petitioner serves the subpoena, Polish &

1

I.     **RELEVANT BACKGROUND**

Petitioner's application stems from a Letter of Request issued by the District Court of Rzeszow, Poland and received by the Office of International Judicial Assistance of the United States Department of Justice on June 26, 2020. (Petitioner's Br., at 1–2 (ECF No. 1-5)). Within the Letter of Request, the Polish Court seeks assistance in adjudicating the division of joint property between former spouses in a civil matter. (Id. at 2).

To accomplish this, the court needs information related to whether the defendant in the foreign matter, a Zofia Jastrzebskiej, held funds in a bank account at the Polish & Slavic Federal Credit Union as of March 2, 2017. (Id.). The Polish Court also seeks information about the balance of the account if one did exist at that time. (Id.) It appears, from the record, that Polish & Slavic Federal Credit Union maintains a subpoena processing center at 9 Law Drive, Suite 10, Fairfield, New Jersey 07004. (Exhibit B to the Declaration of Katerina Ossenova (ECF No. 1-4)).

II.    **LEGAL STANDARD**

Under 28 U.S.C. § 1782(a), "[t]he district court in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . [t]he order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced before a person appointed by the court." A district court is authorized to grant an application under § 1782 if the following three statutory requirements are met:

> (1) the person from whom discovery is sought resides or is found
> within the district; (2) the discovery is for use in a proceeding before

---

Slavic Federal Credit Union may move to quash or modify the subpoenas under Federal Rule of Civil Procedure 45.

> a foreign or international tribunal; and (3) the application is made by a foreign or international tribunal or any interested person.

In re Application of Microsoft Corp., 428 F. Supp. 2d 188, 192 (S.D.N.Y. 2006).

If the statutory requirements are met, a district court may, in its discretion, grant the application. The Supreme Court has identified four discretionary factors that the district court may consider when ruling on a § 1782(a) request:

> (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character or the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign county or the United States; and (4) whether the § 1782 application contains unduly intrusive or burdensome discovery requests.

Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004).

### III. LEGAL DISCUSSION

#### a. Statutory Factors

The Court finds that Petitioner's application satisfies each of the statutory requirements set forth in 28 U.S.C. § 1782. First, Petitioner's counsel states in her brief and in the proposed subpoena that Polish & Slavic Federal Credit Union's Subpoena Processing Center lays within this judicial district—specifically in Fairfield, New Jersey. (Petitioner's Br., at 5 (ECF No. 1-5); Declaration of Katerina Ossenova, ("Ossenova Decl.") at ¶ 3 (July 7, 2020) (ECF No. 1-2); Id. at Ex. B. (ECF No. 1-4)).

Second, Petitioner seeks the discovery at issue "in connection with a judicial proceeding in the [District Court in Rzeszow, Poland], captioned Wladyslawa Jastrzebskiego v. Zofia Jastrzebskiej, Foreign Reference Number XI Ns 105/18[.]" (Ossenova Decl., at ¶ 2). The Court

3

finds that this satisfies § 1782's "foreign tribunal" requirement. See 28 U.S.C. § 1782 ("The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation"); Intel Corp., 542 U.S. at 249 ("Congress introduced the word 'tribunal' to ensure that 'assistance is not confined to proceedings before conventional courts,' but extends also to 'administrative and quasi-judicial proceedings'").

Finally, Petitioner is the judicial body in the foreign matter, and therefore qualifies under Section 1782. 28 U.S.C. § 1782(a); see In re Application of Microsoft Corp., 428 F. Supp. 2d 188, 192 (S.D.N.Y. 2006) (a foreign tribunal satisfies the third factor). Therefore, the statutory factors permit this court to grant the application.

### b. **Discretionary Factors**

Since Petitioner establishes that its application satisfies each of the statutory factors outlined in 28 U.S.C. § 1782, the Court turns to the four discretionary factors that the Supreme Court discussed in Intel Corp., 542 U.S. at 247.

#### i. **Jurisdictional Reach of the Foreign Tribunal**

The United States Supreme Court has recognized:

> [W]hen the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in foreign proceedings may be outside the foreign tribunal's jurisdictional reach; thus, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.

Intel Corp., 542 U.S. at 244.  Here, the party from whom the foreign tribunal seeks evidence, Polish & Slavic Federal Credit Union, is a nonparty to the civil proceeding in Poland. Practically speaking, if the Polish court could compel compliance from Polish & Slavic Federal Credit Union without issuing a Letter of Request, this Court believes it would likely have done so already. See Id. ("nonparticipants in foreign proceedings may be outside the foreign tribunal's jurisdictional reach").

### ii. Nature and Receptivity of the Foreign Tribunal

Under the second discretionary factor, "a court presented with a § 1782(a) request may consider the nature of the foreign tribunal, the character of proceedings underway abroad, and the receptivity of the foreign government, court, or agency to federal-court judicial assistance." Intel Corp., 542 U.S. at 244.  Here, the case involves a judicial division of joint property between former spouses. (Petitioner's Br., at 2 (ECF No. 1-5)). Further, the requesting entity of the discovery is the foreign tribunal itself—through assistance of the United States Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance. (Id.) It would seem illogical to think that the foreign tribunal would not be receptive to the information itself requested. See In re Request for Judicial Assistance from the Dist. Ct. in Svitavy Czech, 748 F. Supp. 2d 522, 527 (E.D. Va. 2010) ("In re Dist. Ct. in Svitay") (finding Second Intel factor satisfied by request stemming from foreign tribunal itself). This Court finds the Second Intel factor supports the application in this case. Intel Corp., 542 U.S. at 244.

### iii. Attempt to Circumvent Foreign Restrictions on Evidence Gathering

The third discretionary factor requires the Court to examine "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States." Intel, 542 U.S. at 244–45.  There is nothing to suggest that

Petitioner's application attempts to circumvent any proof-gathering restrictions. Indeed, Petitioner is the foreign tribunal itself and seeks to review any joint property involved in the civil matter. See In re Dist. Ct. in Svitay, 748 F. Supp. 2d at 529.

### iv.   Whether the Requests Are Unduly Intrusive or Burdensome

Under the final discretionary factor, the Court must consider whether the discovery sought is unduly intrusive or burdensome. While the Court is not making a definitive finding on this point, Petitioner's proposed subpoena, (ECF No. 1-4), appears to be neither. Nevertheless, because Petitioner made this application ex parte, the Court is without enough information to evaluate whether the discovery they seek is unduly intrusive or burdensome to Polish & Slavic Federal Credit Union. Once Petitioner serves the requested subpoena, the bank may seek an Order modifying or quashing the subpoena. Therefore, the Court finds that this factor weighs in favor of granting Petitioner's application.

The Court holds that, on balance, the discretionary factors that the Supreme Court articulated in in Intel Corp., 542 U.S. at 247, weigh in favor of granting Petitioner's application.

## IV.   CONCLUSION AND ORDER

Based on the foregoing findings that Petitioner's application satisfies both the relevant statutory and discretionary factors:

**IT IS** on this 19th   day of October, 2020:

**ORDERED** that Petitioner's application for discovery pursuant to 28 U.S.C. § 1782, (ECF No. 1), is **GRANTED**; and it is further

**ORDERED** that Katerina Ossenova is appointed Commissioner and may serve Polish & Slavic Federal Credit Union with copies of the subpoena attached filed with the application as ECF

No. 1-4 (with the dates of issuance and deadlines for compliance adjusted as necessary); Petitioner will also provide a copy of this Opinion and Order with the subpoena; and it is further

**ORDERED** that nothing in this Opinion and Order shall be construed as limiting Polish & Slavic Federal Credit Union's right to challenge those subpoenas pursuant to Federal Rule of Civil Procedure 45.

**SO ORDERED.**

/s/Joseph A. Dickson
**JOSEPH A. DICKSON, U.S.M.J.**

cc:   Hon. Brian R. Martinotti, U.S.D.J.